State ex rel. Newman vs. Funding Board.

No. 9926.

THE STATE EX REL. ISIDORE NEWMAN, SR. VS. THE FUNDING BOARD UNDER ACT No. 104 OF 1880.

The constitutional ordinance for the relief of delinquent tax payers, which authorizes the funding of Auditor's warrant in baby bonds, only grants to the warrant holder the *option* of having his warrants exchanged for bonds to be exercised prior to the date therein fixed for their maturity.

The power conferred upon the Funding Board continues subsequent to that date for the sole purpose of examining, auditing and funding *nunc pro tunc* such warrants as shall have been presented to them or to some officer of the board antecedent to that date.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Burgess,* J.

*Kennard, Howe & Prentiss* for the Relator and Appellee.

*M. J. Cunningham,* Attorney General, for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J. This is an application for a writ of mandamus, to compel the respondent board to execute and perform their official duty, under the constitutional ordinance for the relief of delinquent taxpayers, by funding relator's warrants in three per cent five dollar bonds, as provided by said ordinance and law.

Relator shows that of the total amount of warrants, the sum of $394.80 were received by the respondent board on March 17, 1884; $624.51 on November 20, 1885; and $1052.06 on May 24, 1886.

That while the board concedes the validity of the warrants and that they are of a class fundable under the ordinance and the law, they decline to proceed to examine, endorse and exchange same for said three per cent bonds, on the ground that they can no longer act under said ordinance and law:

Resistance is made by the respondent board on the ground that, under the ordinance and the law, it was contemplated that said board should be of only temporary duration; and no meeting thereof has been held during the current term of office of its members, except the one of October 26, 1886, whereat they adopted a resolution, in which they declared it to be their opinion that they had no further power to act as such funding board; that they had no right or power to issue *past due* bonds; that the law never contemplated or authorized such action; that their predecessors acted for the full period contemplated and authorized by said ordinance and act; and that the relator should have exercised his rights prior to the 1st of January, 1886, and by his failure so to do, his right has lapsed.

In the alternative, they aver that, if said board is still in existence, and the power is still in force, they cannot be compelled by mandamus to declare and endorse as valid the relator's warrants—an act within their legal discretion, after having examined them.

I.

The ordinance in question provides that "any valid Auditor's war⁻ rants outstanding at the date of the adoption of the Constitution * * may be funded in bonds of the denomination of five dollars, *with inter- est* coupons attached thereto, at the rate of three per cent *per annum from the 1st day of July*, 1880. The said bonds to be *due and payable six years from the 1st day of January*, 1880; the said coupons being pay- able at the State Treasury on the first of February and August of each year."

The ordinance contains no other restriction upon the issuance of such bonds.

The statute providing for the funding of certain warrants and obli- gations, in pursuance of that ordinance, creates the board and desig- nates the powers that are conferred upon them.

Section 1 of that act confers upon the board the power to fund all Auditor's warrants which they shall find to be valid, and which are declared to be fundable by constitutional ordinance.

It directs the board "to proceed, within *sixty days* from the promul- gation of the act and after thirty days public advertisement, to fund said Auditor's warrants."

Neither the ordinance nor the statute has fixed any *precise* date at which the board shall cease funding warrants therein specified. The argument of the relator is that the respondents seek to have the court establish a period of prescription unknown to the law. The failure of the argument is in mistaking his recourse against the respondent board for an *action*.

It is, at most, only an *option* given to the warrant holder, whereby he may obtain bonds of a certain description in exchange for Auditor's warrants. If not in express terms, it was the *implied* intention of the framers of the ordinance that this option should be exercised by war- rant holders *prior* to the date therein fixed for the maturity of the bonds to be issued in exchange for them.

The power conferred upon the board is, only in a restricted sense, a continuing one, and solely for the purpose of auditing and funding,

*nunc pro tunc*, such warrants as shall have been presented to the board or its officers *antecedent* to the 1st of January, 1886.

From the evidence it appears that, of the total amount of the relators' warrants, the sum of $394.80, were received by the Auditor on the 17th of March, 1884, and the sum of $624.51 on November 20, 1885; hence he is entitled to have the board examine them, and if ascertained to be fundable, in conformity with the ordinance and the law, to have given him bonds in exchange therefor.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be amended so as to make the writ of mandamus peremptory *only* in respect to relator's warrants, aggregating $394.80, that were presented to the Auditor on the 17th of March, 1884, and those aggregating $624.51 that were presented on November 20, 1885; and that, when same are issued, said bonds shall bear the respective dates of their presentation, with maturity and interest according to law.

It is further ordered, adjudged and decreed that, in all other respects, said judgment is reversed.